UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HOUSTON SPECIALTY INSURANCE CO.        CIVIL ACTION NO. 15-cv-0047

VERSUS                                  JUDGE FOOTE

CHESAPEAKE OPERATING, LLC, ET AL        MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Houston Specialty Insurance Company ("Plaintiff") filed this civil action based on an assertion of diversity jurisdiction, so the burden is on Plaintiff to set forth the facts necessary to determine that there is complete diversity of citizenship. Plaintiff describes itself as a Texas corporation with its principal place of business in Texas. Those allegations are adequate with respect to Plaintiff.

Plaintiff describes the three defendants as limited liability companies. The complaint does not identify the members of the LLCs. Rather, Plaintiff alleges that "upon information and belief," all members of the LLCs are citizens of Oklahoma, Louisiana, and Louisiana, respectively. Those allegations are not sufficient to meet Plaintiff's burden of showing that it has filed its complaint in a court of proper jurisdiction.

The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance

with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007).

The need for such detail was demonstrated by Mullins v. TestAmerica, Inc., 2008 WL 4888576 (5th Cir. 2008), when the court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership, the citizenship of which is determined by the same rules applicable to an LLC. The Court turned to the merits only after the citizenship had been traced, with specificity, "down the various organizational layers" and in accordance with the rules that apply to the various forms of entities. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009). The Mullins opinions make clear that general allegations that all members or partners are of diverse citizenship from the parties on the other side, without factual specificity, are not sufficient. This court has seen a number of cases where the parties were confident there was diversity because "all members of the LLC are citizens of" diverse states, but diversity and subject matter jurisdiction unraveled when the court required the parties to allege citizenship in detail.

Defendants are directed to promptly provide their detailed citizenship information to counsel for Plaintiff so that this preliminary issue may be resolved as quickly and efficiently as possible. Plaintiff will be allowed until **May 27, 2015** to file an amended complaint that contains the necessary citizenship information. Any amended complaint filed after that date

will require a motion for leave to amend. Fed. R. Civ. Pro. 15(a). The court will set a scheduling conference if the amended complaint establishes that there is diversity. Otherwise, the case will be subject to dismissal for lack of subject-matter jurisdiction.

  THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of May, 2015.

                       Mark L. Hornsby
                       U.S. Magistrate Judge