UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HOUSTON SPECIALTY                    *        CIVIL NO. 5:15CV00047
INSURANCE COMPANY


VERSUS                               *        JUDGE FOOTE

CHESAPEAKE OPERATING, LLC,
JC FODALE ENERGY SERVICES,
LLC, AND DCW TRANSPORT, LLC          *        MAGISTRATE JUDGE HORNSBY


**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ON BEHALF OF HOUSTON SPECIALTY INSURANCE COMPANY**


PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY, BYRD & CROMWELL, L.L.P.
400 Texas Street, Suite 400 (71101)
P. O. Drawer 1786
Shreveport, LA  71166-1786
(318) 221-1800
(318) 226-0390 (fax)


BY: /es/*Donald Armand, Jr.*
        DONALD ARMAND, JR.  (#17444), TA
        TREY W. CARTER (#35075)
ATTORNEYS FOR HOUSTON SPECIALTY
INSURANCE COMPANY

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ……………………………………………………………… i

TABLE OF AUTHORITIES ………………………………………………………… ii

EXHIBITS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON
BEHALF OF HOUSTON SPECIALTY INSURANCE COMPANY………………………… iv

I.      INTRODUCTION ………………………………………………………… 1

II.     EVIDENCE SUBMITTED IN SUPPORT OF MOTION ………………………… 1

III.    UNDISPUTED MATERIAL FACTS ………………………………………... 2

IV.     APPLICABLE LAW ……………………………………………………… 3

V.      HOUSTON SPECIALTY HAS NO OBLIGATION TO DEFEND THE *WILLIAMS*
        SUIT AND THE HOUSTON SPECIALTY POLICY PROVIDES NO COVERAGE
        FOR THE  LOSSES ALLEGED IN THE SUIT ………………………………... 5

VI.     CONCLUSION …………………………………………………………… 15

CERTIFICATE OF SERVICE ………………………………………………… 16

i

## **TABLE OF AUTHORITIES**

### **CASES**

| | |
|---|---|
| *American Home Assur. Co. v. Czarniecki*, 255 La. 251, 230 So. 2d 253, 259 (1969) ......... | 5 |
| *Breese v. Hadson Petroleum (USA), Inc.*, 955 F. Supp. 648 (M.D. La. 1996) ........... | 4 |
| *Butterfield v. C&M Construction Co.* 676 So.2d 659 (La. App. 3rd Cir. 1996) ........... | 11 |
| *Carter v. City Parish Government of East Baton Rouge*, 423 So. 2d 1080 (La. 1982) ...... | 10 |
| *Champagne v. Ward*, 893 So.2d 773 (La. 2005) ................................................... | 4 |
| *Dauthier v. Pointe Coupee Wood Treating, Inc.* 560 So.2d 556 (La. App. 1990) ........... | 13, 14 |
| *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78–80, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) ...... | 3 |
| *Fertitta v. Palmer*, 252 La. 336, 211 So. 2d 282 (1968) ................................. | 10 |
| *Harrison v. R.R. Morrison & Son*, 37,992 (La. App. 2 Cir. 12/10/03), 862 So. 2d 1065 *writ denied*, 2004-0101 (La. 3/19/04), 869 So. 2d 857 .................................... | 4 |
| *Holcomb v. Universal Ins. Co.*, 640 So.2d 718, 722 (La.App. 3d Cir.), *writ denied*, 644 So.2d 643 (1994) .............................................................. | 4 |
| *Holzenthal v. Sewerage & Water Bd. of New Orleans*, 950 So. 2d 55 (La. Ct. App. 4th Cir. 2007) .............................................................................. | 8 |
| *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941) .................................................................................. | 3 |
| *LeJeune v. Allstate Ins. Co.*, 365 So. 2d 471 (La. 1978), on remand, 373 So.2d 212 (La. App. 1979) .............................................................................. | 10 |
| *Levy v. Jackson*, 612 So.2d 894, 897 (La.App. 4th Cir.1993) ..................................... | 4 |
| *Maldonado v. Kiewit Louisiana Co.*, 146 So. 3d 210 (La. Ct. App. 1st Cir. 2014) ....................... | 4,5,8 |
| *Manuel v. Liberty Mutual Ins. Co.*, 480 So.2d 807 (La 1970) ....................................... | 11 |
| *Mayo v. State Farm Mut. Auto. Ins. Co.*, 2003–1801 (La.2/25/04), 869 So.2d 96, 99 ............... | 4 |
| *McGinnis v Waste Management of Louisiana, LLC*, 914 So2nd 612 (La.App. 2 Cir. 2005) ............... | 11,12 |
| *Miller v. Superior Shipyard and Fabrication, Inc.*, 2001–2907 (La.App. 1st Cir.8/20/03), 859 So.2d159,162–163 ................................................ | 4,5 |
| *Nabors Well Services, Ltd. v. Romero* 456 S.W.3d 553 (Tex. 2015) ........................ | 9 |
| *Partin v. Dolby*, 652 So.2d 670, 674 (La.App. 1st Cir.1995) .................................... | 4 |
| *Picou v. Ferrara*, 412 So. 2d 1297 (La. 1982) ................................................... | 10 |
| *Resure, Inc. v. Chem. Distributors, Inc.*, 927 F. Supp. 190 (M.D. La. 1996) *aff'd*, 114 F.3d 1184 (5th Cir. 1997) (citing *Partin v. Dolby*, 652 So.2d 670, 674 (La.App. 1st Cir.1995) ..... | 4 |
| *Smith v. Waste Mgmt., Inc.*, 407 F.3d 381, 384 (5th Cir. 2005) ........................... | 3 |
| *Spain v. Travelers Ins. Co.*, 332 So.2d 827 (La. 1976) ..................................... | 11 |
| *Spell v. Mallett, Inc.*, 957 So. 2d 262 (La. Ct. App. 3d Cir. 2007) ........................ | 11 |

ii

| *Yount v. Maisano*, 627 So. 2d 148 (La. 1993) ............................................................... | 5 |

## STATUTES

| La. C.C. art. 3537 ................................................................................................ | 3 |
| *Tex Cp. Code Ann.* § 33.001 ................................................................................ | 9 |

## TREATISES

| McKenzie, Johnson, *Louisiana Civil Law Treatise*, Vol. 15, "*Insurance Law and Practice*," Fourth Edition; (2012), Sections 3:25-26 ................................................................ | 10 |
| McKenzie Johnson, *Louisiana Civil Law Treatise, Insurance Law and Practice,* Fourth Edition, (2012), Sections 3:38, 6:17 ................................................................... | 11 |

iii

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HOUSTON SPECIALTY             *      CIVIL NO. 5:15CV00047
INSURANCE COMPANY

VERSUS                    *      JUDGE FOOTE

CHESAPEAKE OPERATING, LLC,
JC FODALE ENERGY SERVICES,
LLC, AND DCW TRANSPORT, LLC    *      MAGISTRATE JUDGE HORNSBY

## EXHIBITS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
## ON BEHALF OF HOUSTON SPECIALTY INSURANCE COMPANY

**Exhibit A**:    Stipulation of Undisputed Material Facts;

**Exhibit B**:    Affidavit of Lynda Daugherty McCallon with attached certified copy of Houston
Specialty Policy Number HSLR 18-01355-00;

**Exhibit C**:    Petition in the Williams suit (HS0316-323);

**Exhibit D**:    Chesapeake/DCW Master Service Agreement (HS0275-315);

**Exhibit E**:    Courtney Williams deposition from Texas suit; and

**Exhibit F**:    Carlos Carona deposition from Texas suit.

iv

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| **HOUSTON SPECIALTY INSURANCE COMPANY** | * | **CIVIL NO. 5:15CV00047** |
| | | |
| **VERSUS** | * | **JUDGE FOOTE** |
| | | |
| **CHESAPEAKE OPERATING, LLC, JC FODALE ENERGY SERVICES, LLC, AND DCW TRANSPORT, LLC** | * | **MAGISTRATE JUDGE HORNSBY** |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**ON BEHALF OF HOUSTON SPECIALTY INSURANCE COMPANY**

## I.     INTRODUCTION

Houston Specialty Insurance Company ("Houston Specialty") filed this suit seeking a declaratory judgment that a policy of insurance issued by Houston Specialty does not provide coverage for the losses and damages alleged in a suit filed by defendant Courtney Williams in state court in Texas. All facts material to that issue are undisputed and Houston Specialty is entitled to summary judgment as a matter of law.

## II.     EVIDENCE SUBMITTED IN SUPPORT OF MOTION

Houston Specialty submits the following evidence is support of this motion:

**Exhibit A:**     Stipulation of Undisputed Material Facts;

**Exhibit B:**     Affidavit of Lynda Daugherty McCallon with attached certified copy of Houston Specialty Policy Number HSLR18-01355-00;

**Exhibit C:**     Petition in the *Williams* suit (HS0316-323);

**Exhibit D:**     Chesapeake/DCW Master Service Agreement (HS0275-315);

**Exhibit E:**     Courtney Williams deposition from Texas suit; and

**Exhibit F:**     Carlos Corona deposition from Texas suit.

1

All parties agreed to the "Stipulation of Undisputed Material Facts," **Exhibit A**. The parties have also agreed to submit certain depositions taken in the Texas state court in connection with motions herein (Doc. 54).

## III.   UNDISPUTED MATERIAL FACTS

The undisputed material facts are:

1. All parties agreed to the "Stipulation of Undisputed Materials Facts" submitted in support of this motion as Exhibit A.

2. Houston Specialty issued policy number HSLR18-01355-00, with a policy period from September 21, 2011 to September 21, 2012 (hereinafter as "the Houston Specialty policy") to DCW Transport, LLC ("DCW"). A certified copy of the Houston Specialty Policy is attached to Exhibit B, the affidavit of Lynda Daugherty McCallon.

3. Chesapeake, Fodale and DCW seek coverage and defense costs under the Houston Specialty policy for a personal injury suit filed in the State of Texas, styled "*Courtney Williams v. JC Fodale Energy Services, LLC D/B/A JC Fodale Energy Services LLC, Chesapeake Operating, LLC, Chesapeake Energy Corporation*", Cause No. 2014-45320, 127th District Court of Harris County, Texas (hereinafter, "the *Williams* suit."). A true and correct copy of the Petition in the *Williams* suit is submitted as Exhibit C.

4. In the *Williams* suit, Williams alleges that he was injured on August 11, 2012, while acting in the course and scope of his employment as a driver for DCW and while on a Chesapeake job site in Tilden, Texas. The suit alleges that Chesapeake contracted with DCW for work at the job site, and also contracted with Fodale for work at the job site. Williams alleges that a Fodale employee drove a forklift into a DCW truck occupied by Williams, causing him injuries.

5. Chesapeake and DCW entered a Master Service Agreement ("MSA") for work at the jobsite where the accident at issue occurred. A true and correct copy of the Chesapeake-DCW MSA is submitted as Exhibit D.

6. At the time of the incident at issue in the *Williams* suit, Williams was acting in the course and scope of his employment as a driver for DCW, tasked with performing DCW's obligations to Chesapeake under the MSA.

7. Chesapeake also contracted with J.C. Fodale for work at the jobsite.

8.    On August 11, 2012, Williams was operating a DCW truck at the Chesapeake worksite. At the time of the accident, he was sitting in the truck, which was parked. (See - Ex. A - Stipulation,  Ex. E - Courtney Williams deposition, p. 28-32)

9.    Carlos Corona, a payroll J.C. Fodale employee, was working in the course and scope of his employment for Fodale pursuant to its contract with Chesapeake at the jobsite. Corona was driving a forklift loaded with plywood, for the purpose of moving the plywood from one area of the jobsite to another. Corona's forklift struck the DCW truck occupied by Williams. (See Ex. A - Stipulation, Ex. F - Carlos Corona deposition, p. 11-16,  Ex. E - Courtney Williams deposition, p. 28-32, 86-94.)

10.   That collision between the Fodale employee's forklift and the DCW truck is the incident at issue in the *Williams* suit. (See Ex. A - Stipulation, Ex. F - Carlos Corona deposition, p. 11-16, Ex. E - Courtney Williams deposition, p. 28-32, 86-94.)

## IV. APPLICABLE LAW

### A.    Choice of Law Issues

The accident at issue occurred in Texas and the *Williams* suit is filed in Texas. The Houston Specialty policy was issued in Louisiana to a Louisiana company. Thus, choice of law issues are presented in the case.

### 1.  Louisiana choice of law rules apply.

In this diversity action, the Federal Court applies state substantive law. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78–80, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In determining *which* state's substantive law applies to a particular issue, Federal Courts apply the choice-of-law rules of the state in which the action was filed.  Therefore, Louisiana choice-of-law rules apply to determine which state's law applies to various issues in this case. See *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Smith v. Waste Mgmt., Inc.,* 407 F.3d 381, 384 (5th Cir. 2005).

2.   **Louisiana law applies to coverage issues.**

The choice of law rules concerning insurance policies are provided by the *Louisiana Civil Code* article concerning choice of law for conventional obligations, La. C.C. art. 3537.  That article provides, in relevant part, that issues of conventional obligations are "governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue." *Harrison v. R.R. Morrison & Son,* 37,992 (La. App. 2 Cir. 12/10/03), 862 So. 2d 1065 *writ denied,* 2004-0101 (La. 3/19/04), 869 So. 2d 857. ***When confronted with choice of law issues regarding the interpretation of insurance contracts, Louisiana courts have uniformly applied the law of the state in which the insurance policy was issued.*** *Champagne v. Ward,* 893 So.2d 773 (La. 2005); *Resure, Inc. v. Chem. Distributors, Inc.*, 927 F. Supp. 190 (M.D. La. 1996) *aff'd,* 114 F.3d 1184 (5th Cir. 1997) (citing *Partin v. Dolby,* 652 So.2d 670, 674 (La.App. 1st Cir.1995); *Holcomb v. Universal Ins. Co.,* 640 So.2d 718, 722 (La.App. 3d Cir.), *writ denied,* 644 So.2d 643 (1994); *Levy v. Jackson,* 612 So.2d 894, 897 (La.App. 4th Cir.1993); *Breese v. Hadson Petroleum (USA), Inc.*, 955 F. Supp. 648 (M.D. La. 1996).

B.   **Law Concerning Insurance Policy Interpretation**

Under Louisiana law, an insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the *Louisiana Civil Code. Mayo v. State Farm Mut. Auto. Ins. Co.,* 2003–1801 (La.2/25/04), 869 So.2d 96, 99. Words and phrases in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. Interpretation of an insurance contract is a matter of law. *Miller v. Superior Shipyard and Fabrication, Inc.,* 2001–2907 (La.App. 1st Cir.8/20/03), 859 So.2d 159, 162–163; *Maldonado v.*

*Kiewit Louisiana Co.,* 146 So. 3d 210 (La. Ct. App. 1st Cir. 2014).

If parties that are not named insureds on a policy claim entitlement to coverage, those parties bear the burden of proof of insured status and coverage. *Maldonado*, supra. The named insured in the Houston Specialty policy is DCW.  Chesapeake and Fodale are not named as insureds in the policy. Thus, Chesapeake and Fodale bear the burden of proof that they qualify as insureds under the additional insured endorsement to prove entitlement to coverage. The interpretation of additional insured endorsements is a question of law. *Miller,* supra. *Maldonado,* supra, at 218.

**C.**     **Duty to Defend**

Under Louisiana law, the duty to defend is broader than the duty to indemnify. The question of whether a liability insurer has a duty to defend a civil action against its alleged or named insured is determined by application of the "eight-corners rule," under which an insurer must look to the "four corners" of the plaintiff's petition and the "four corners" of its policy to determine whether it owes that duty. If the factual allegations of the plaintiff's petition are not unambiguously excluded from coverage, the insurer is obligated to defend. However, if a petition does not allege facts within the scope of coverage, the insurer is not legally required to defend the suit. *American Home Assur. Co. v. Czarniecki,* 255 La. 251, 230 So. 2d 253, 259 (1969); *Yount v. Maisano*, 627 So. 2d 148 (La. 1993); *Maldonado,* supra, at 219.

**V.**     **HOUSTON SPECIALTY HAS NO OBLIGATION TO DEFEND THE *WILLIAMS* SUIT AND THE HOUSTON SPECIALTY POLICY PROVIDES NO COVERAGE FOR THE LOSSES ALLEGED IN THE SUIT.**

**A.**     **The Houston Specialty Policy**

The Houston Specialty policy provides liability coverage under two endorsements:

5

1.      Motor Carrier Coverage Form (starting at HS0651),[1] and

2.      Commercial General Liability Form (starting at HS0577).

For the reasons set forth in detail below, Houston Specialty has no obligation to defend DCW, Chesapeake or Fodale in the *Williams* suit and the Houston Specialty policy provides no coverage to those parties for the losses alleged in the suit.

**B.      <u>Chesapeake and Fodale are not insureds under the Houston Specialty policy.</u>**

DCW is the named insured on the Houston Specialty policy. There is no endorsement naming Chesapeake or Fodale as insureds.

The Motor Carrier form (HS0668) and the General Liability form (at HS0589) each contain a section entitled **"Who Is An Insured,"** which defines insureds other than the named insured, i.e., "omnibus insureds."   Chesapeake and DCW do not meet any of the definitions of omnibus insureds in the policy.

The General Liability form (at HS0579) contains an Endorsement CG 20 10 07 04, entitled ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION." That endorsement provides, in relevant part, as follows:
**Who Is An Insured** is amended to include as an additional insured the person(s) or organizations(s) shown in the Schedule, but only with respect to liability for "bodily injury" . . .caused, in whole or in part, by:

1.   Your acts or omissions; or

2.   The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

---

[1] When the policy was issued, it included a Business Auto Coverage Form (HS0536). That form was deleted and replaced by the Motor Carrier Coverage Form, retroactive to the date of the policy, by Change Endorsement 15 (HS0649).

The Schedule on the Endorsement identifies the "person(s) or organization(s) added "as follows: "Blanket as Required by Written Contract."

This endorsement is commonly referred to as a "blanket additional insured endorsement." The intent is obvious from the plain language of the endorsement - to add parties as additional insureds if the named insured is required by a written contract to do so, but only for liabilities caused by the acts or omissions of the named insured while performing ongoing operations for that party.

Neither Chesapeake nor Fodale qualifies as an insured under this endorsement for the *Williams* suit claims.

There is no written contract or agreement requiring DCW to have Fodale named as an additional insured. Therefore, there is no possibility that Fodale qualifies as an insured under any theory. There has never been and there cannot be a duty to defend or provide coverage for Fodale under the policy.

Assuming only for the purposes of this motion that the MSA between DCW and Chesapeake is a valid, written contract requiring that DCW have Chesapeake named as an additional insured,[2] the limiting language of the Additional Insured Endorsement precludes coverage in this case.  Insured status under that additional insured endorsement is limited to liability "caused by acts or omissions of" the named insured, DCW, or those acting on its behalf.

The *Williams* suit does not allege any act or omission of DCW or its employees. Therefore, in this case, Chesapeake does not qualify as an additional insured. The only

---

[2] The MSA between DCW and Chesapeake provides that DCW is required to name Chesapeake as an additional insured under DCW's policy. The legal validity of this agreement is not admitted but may be assumed for the purposes of this motion only.

7

allegations in Williams' complaint were that Chesapeake, Fodale and their employees were negligent, thereby causing Williams' alleged injuries. Williams never alleged any fault or negligence on the part of DCW, or any basis on which Chesapeake could be held vicariously liable for the actions of DCW or its employees. Therefore, Chesapeake does not qualify as an additional insured under the policy.

Provisions of insurance policies intended to limit additional insured status to liability arising from the activities and/or negligence of the named insured and its employees are unquestionably valid and enforceable under Louisiana law. For example, in *Holzenthal v. Sewerage & Water Bd. of New Orleans,* 950 So. 2d 55 (La. Ct. App. 4th Cir. 2007), an engineer's CGL policy extended coverage to SWB as an additional insured "but only with respect to liability arising out of your [the engineer's] operations or premises owned by or rendered to you." Since none of the plaintiffs alleged any damages arising out of the engineer's operations or premises owned by or rendered to the engineer, his insurer had no duty to defend the SWB under the additional insured endorsement. *Id* at 50. Likewise, in *Maldonado,* JL Steel was a subcontractor to joint venture (KMTC-JV) on a construction project to widen the Huey P. Long Bridge. The suit arose out of the death of a JL Steel employee. Initially, plaintiffs alleged that both KMTC and JL Steel were negligent. Subsequently, the petition was amended to dismiss JL Steel and eliminate any allegations of negligence of JL Steel. JL Steel's insurer, Twin City, provided "additional insured" coverage, "but only to the extent that such person or organization [KMTC] is liable for 'bodily injury' … caused by your [JL Steel's] acts or omissions …." The court held that Twin City's duty to defend KMTC terminated on the date that JL Steel was dismissed with prejudice. *Id* at 221.

8

The rationales of those cases are clearly applicable here.   The only allegations in Williams' complaint in the Texas suit were that Chesapeake, Fodale and their employees were negligent, thereby causing Williams' alleged injuries. Williams never alleged any fault or negligence on the part of DCW, or any basis on which Chesapeake could be held vicariously liable for the actions of DCW or its employees.  Further, there is no evidence of any act of any DCW employee that could create vicarious liability on the part of Chesapeake.

Chesapeake and Fodale may argue that there is evidence of negligence on the part of Courtney Williams, who was a DCW employee.  However, the existence of such evidence is irrelevant to the issue of insured status under the Houston Specialty policy because negligence on the part of Williams cannot create vicarious liability on the part of Chesapeake or Fodale.  To the contrary, any fault assessed to Williams would *reduce* the liability of Chesapeake and Fodale because comparative fault applies under Texas tort law.  Texas applies a modified comparative fault system officially known as "proportionate responsibility." The plaintiff's recovery is reduced by the percentage of fault allocated to him. If his fault exceeds 50%, he is barred from recovery. *Nabors Well Services, Ltd. v. Romero* 456 S.W.3d 553 (Tex. 2015); *Tex Cp. Code Ann.* § 33.001.  Thus, any fault assessed to Courtney Williams would reduce the liability of Chesapeake and Fodale, not create liability.

Thus, there has never been any allegation of and there can be no finding of vicarious liability on the part of Chesapeake for the actions of DCW employees. Insured status has not and cannot be triggered for Chesapeake under the Houston Specialty policy. There was never a duty to defend Chesapeake and there is no coverage for Chesapeake under the policy.

**C.     The losses alleged in the *Williams* suit do not arise from the use of an auto.**

Coverage under the Motor Carrier coverage form of the Houston Specialty policy limits coverage to losses "resulting from the ownership, maintenance or use of a covered auto." (HSO667)

Under Louisiana law, the question of whether a loss results from a "use" of an auto, the following analysis is used:

1.    Through the duty-risk analysis, it must be determined whether the conduct of the alleged insured of which the plaintiff complains is a legal cause of the accident.

2.    If so, then it must be determined whether that conduct arose out of the use of a vehicle. In order for the conduct to arise out of use, the automobile must be essential to the theory of liability; the specific duty breached by the insured must flow from use of the automobile. If the specific duty breached by the insured existed independently of the automobile, then liability does not arise out of use of an auto.

*Fertitta v. Palmer*, 252 La. 336, 211 So. 2d 282 (1968); *LeJeune v. Allstate Ins. Co.*, 365 So. 2d 471 (La. 1978), on remand, 373 So.2d 212 (La. App. 1979); *Picou v. Ferrara*, 412 So. 2d 1297 (La. 1982); *Carter v. City Parish Government of East Baton Rouge,* 423 So. 2d 1080 (La. 1982); McKenzie, Johnson, Louisiana Civil Law Treatise, Vol. 15, "*Insurance Law and Practice,*" Fourth Edition; (2012), Sections 3:25-26.

In the *Williams* suit, the conduct of which Williams complains, is the negligence of Corona, Chesapeake and Fodale that resulted in Corona driving a forklift into the truck occupied by Williams. At the time, Williams was sitting in the truck, which was parked. Corona was driving the forklift *to move plywood around the jobsite.* Corona was not loading or otherwise using the Williams/DCW truck. The alleged breach of duties by Corona, Chesapeake and Fodale had nothing whatsoever to do with the Williams/DCW truck.

Thus, the losses alleged in the *Williams* suit did not "result from a use" of a covered auto. Coverage is unambiguously excluded under the Motor Carrier coverage form of the Houston Specialty policy. There was never a duty to defend any party and there is no coverage for any party under that section of the policy.

**D.     Coverage under the entire policy is excluded by the "employee exclusions."**

Both endorsements providing liability coverage in the Houston Specialty policy contain so-called "employee exclusions," the purpose of which is to exclude coverage under the policy for injuries to the insured's employees.

The Motor Carrier Coverage Form (at HS0669) and the General Liability Coverage Form (at HS0066) both exclude the following:

"Bodily injury" to:

a.      An "employee" of the insured arising out of and in the course of:

(1)      Employment by the "insured"; or

(2)      Performing the duties related to the conduct of the "insured's" business; ..."

Louisiana courts have uniformly applied such "employee exclusions" to avoid coverage under liability policies for liability which should be covered under worker's compensation policies and/or the Worker's Compensation Act. *Spain v. Travelers Ins. Co.,* 332 So.2d 827 (La. 1976); *Manuel v. Liberty Mutual Ins. Co.,* 480 So.2d 807 (La 1970); *McGinnis v Waste Management of Louisiana, LLC,* 914 So2nd 612 (La.App. 2 Cir. 2005); *Spell v. Mallett, Inc.,* 957 So. 2d 262 (La. Ct. App. 3d Cir. 2007); *Butterfield v. C&M Construction Co.* 676 So.2d 659 (La. App. 3rd Cir. 1996); McKenzie Johnson, *Louisiana Civil Law Treatise, Insurance Law and Practice,* Fourth Edition, (2012), Sections 3:38, 6:17.

11

Courtney Williams was a direct employee of DCW at the time of the incident. Pursuant to the MSA, Chesapeake was designated a statutory employer of Williams. Section 16 of the MSA specifically provides that employees of DCW are also considered statutory or special employees of Chesapeake while providing services pursuant to the MSA. Obviously, both companies intended that Chesapeake have the protection of the Louisiana and Texas Worker's Compensation Acts for liabilities arising from injuries to DCW employees. Therefore, under the terms of the MSA, Courtney Williams would be considered a statutory employee of Chesapeake for losses arising from the accident at issue.

The fact that Williams was, legally, an employee of DCW and Chesapeake triggers the employer liability exclusion, which excludes coverage in this case. The Louisiana Second Circuit upheld an employer's liability exclusion in an identical situation in *McGinnis v Waste Management of Louisiana, LLC*, supra. In *McGinnis*, the Second Circuit held that the employer's liability exclusion in a CGL policy excluded coverage for injuries to a subcontractor's employee, because the general contractor was considered the statutory employer of the subcontractor's employee, i.e., worker's compensation was the employee's exclusive remedy against the general contractor so the general contractor's GL policy did not provide coverage for the subcontractor's employee's injuries.

The *McGinnis* rationale applies here – Williams would be considered an employee of both DCW and Chesapeake under the MSA. Coverage for injuries to him is unambiguously excluded from coverage for DCW and Chesapeake by the employee exclusions. There is no duty to provide a defense or coverage to those parties in light of the exclusion.

**E.**     **Coverage under the Motor Carrier form is excluded by the "Mechanical Device" exclusion.**

The Motor Carrier coverage form (at HS0670) contains the following exclusion:

**B.**     **Exclusions**

This insurance does not apply to any of the following:

. . .

> **III.**     **Movement of Property by Mechanical Device**
>
> > "Bodily injury" or "property damage" resulting from movement of property by mechanical device (other than a hand truck) unless the device is attached to the covered "auto".

As noted by McKenzie & Johnson, the purpose of the "mechanical device" exclusion is to limit the risk of loading and unloading activities that are covered under auto policies (to remove coverage for the higher-risk activity of loading by use of a mechanical device, such as a forklift.) McKenzie, Johnson, supra, Section 3:26, p. 248.

*Dauthier v. Pointe Coupee Wood Treating, Inc.* 560 So.2d 556 (La. App. 1990) is virtually "on all fours" with this case. In *Dauthier*, Ray Branch, an employee of Julian Lumber Company, drove a truck loaded with pilings onto the premises of Pointe Coupee Wood.  There, Ronnie Pourciau used a forklift to unload the pilings from the Julian truck.  During the unloading process, the forklift became unbalanced.  Several men, including Mr. Dauthier, attempted to help.  During this process, Dauthier was killed. The decedent's widow filed suit against several defendants, including National Indemnity Company, the auto liability insurer of the truck being unloaded.  The plaintiff argued that the National Indemnity policy on the truck covered the negligence of Branch (the Julian driver) and Pourciau (the wood yard employee/forklift operator), during their permissive use (unloading) of the truck.   National Indemnity filed a Motion for Summary Judgment based on the "movement of property by mechanical device" exclusion.  The National

13

exclusion was identical to the Houston Specialty exclusion in this case, excluding coverage for "bodily injury or property damage resulting from the movement of property by mechanical device (other than a hand truck) not attached to a covered auto."

The Louisiana First Circuit held that the "mechanical device" exclusion excluded coverage for the injuries and death of Dauthier.  The Court stated as follows:

> Clearly, in this case, the decedent's injuries occurred as a result of the movement of property (the pilings) by a mechanical device (the forklift) that was not attached to the covered auto (Julian truck).  The policy language clearly and unambiguously sets forth that no coverage is afforded for bodily injury resulting from the activity which caused the decedent's death.  Summary judgment in favor of National was appropriate. Id at 558.

The *Dauthier* rationale is clearly and squarely applicable to this case.  The losses alleged to Courtney Williams clearly arose from the movement of property (plywood) by a mechanical device (a forklift), that was not attached to the covered auto (the DCW truck).  Thus, coverage to all defendants under the Motor Carrier form is unambiguously excluded. There is no duty to defend or provide coverage to any party under that section of the policy.

**F.     Summary of Coverage Defenses**

To summarize, there is no duty on the part of Houston Specialty to defend or provide coverage to Chesapeake, Fodale or DCW for the Courtney Williams Texas suit claims, because:

1.     Chesapeake and Fodale are not insureds under the Houston Specialty policy,

2.     The losses alleged in the *Williams* suit do not arise from the use of an auto so there is no coverage for any party, including the named insured DCW, under the Motor Carrier coverage form;

3.     Coverage for DCW and Chesapeake is excluded from the entire policy by the "employee exclusions" because Courtney Williams was a direct employee of DCW and statutory employer of Chesapeake.

4.      Coverage for all parties is excluded under the Motor Carrier form by the "Mechanical Device" exclusion.

Broken down by party, there is no coverage under the Houston Specialty policy because:

<u>Chesapeake</u>

- Not an insured
- No coverage under entire policy because of "employee exclusions";
- No coverage under Motor Carrier form because no "use" of auto; and
- No coverage under Motor Carrier form because of mechanical device exclusion.

<u>Fodale</u>

- Not an insured;
- No coverage under Motor Carrier form because no "use" of auto; and
- No coverage under Motor Carrier form because of mechanical device exclusion.

<u>DCW</u>

- No coverage under entire policy because of "employee exclusions";
- No coverage under Motor Carrier form because no "use" of auto; and
- No coverage under Motor Carrier because of mechanical device exclusion.

## VI.     <u>CONCLUSION</u>

For the reasons set forth above, Houston Specialty's Motion should be granted. Summary judgment should be entered herein, declaring that Houston Specialty owes no obligation to defend or provide coverage to Chesapeake Operating, LLC, JC Fodale Energy Services, LLC and DCW Transport, LLC, under Houston Specialty policy number HSLR18-01355-00 for any and all losses, damages or costs arising out of or related to the *Courtney Williams* suit.

Respectfully submitted,

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY, BYRD & CROMWELL, L.L.P.

BY:    S/Donald Armand,. Jr.
          DONALD ARMAND, JR.  (#17444), TA

15

TREY W. CARTER (#35075)
400 Texas Street, Suite 400 (71101)
P. O. Drawer 1786
Shreveport, LA  71166-1786
(318) 221-1800
(318) 226-0390 (fax)


ATTORNEYS FOR HOUSTON SPECIALTY
INSURANCE COMPANY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HOUSTON SPECIALTY                 *       CIVIL NO. 5:15CV00047
INSURANCE COMPANY

VERSUS                            *       JUDGE FOOTE

CHESAPEAKE OPERATING, LLC,
JC FODALE ENERGY SERVICES,
LLC, AND DCW TRANSPORT, LLC       *       MAGISTRATE JUDGE HORNSBY

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2016, a copy of the foregoing Memorandum in Support of the Motion for Summary Judgment was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the court's electronic filing system. There are no non-CM/ECF participants in this litigation.

S/ Donald Armand, Jr._____
Of Counsel